UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN MONTGOMERY, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | No. 16 C 533 |
| ) | |
| MEGAN BRENNAN, Postmaster General ) | Judge Rebecca R. Pallmeyer |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jean Montgomery brings this suit against Defendant Megan Brennan in her capacity as Postmaster General of the United States Postal Service, alleging several causes of action related to the termination of her employment: violation of the Whistleblower Protection Act (5 U.S.C. § 1221), retaliation and failure to stop harassment (presumably under Title VII), and various tort claims. Defendant has raised a host of objections to these claims, but the court need not address most of them. Montgomery has filed multiple suits relating to her employment and its termination. Her claims are barred by *res judicata*.

## BACKGROUND

Jean Montgomery was employed by the United States Postal Service until 2012. The circumstances leading up to her termination are laid out in detail in the Seventh Circuit's decision affirming dismissal of the first of her many lawsuits: *Montgomery v. Donahoe*, 602 F. App'x 638 (7th Cir. 2015), *reh'g denied* (Apr. 2, 2015), *cert. denied sub nom. Montgomery v. Brennan*, 135 S. Ct. 2909 (2015), *reh'g denied*, 136 S. Ct. 23 (2015); *see also generally Montgomery v. Brennan*, No. 15 C 4635 (N.D. Ill. Sep. 21, 2015) (Zagel, J.). In brief, Montgomery has asserted complaints challenging both her termination and the events leading up to it, specifically her receipt of a written warning and suspension several months before being terminated. *Montgomery*, 602 F. App'x at 639–40. This is the sixth lawsuit she has filed in this court relating to her employment and termination; she has also unsuccessfully challenged her

termination in other forums, including the Equal Employment Opportunity Commission and the Merit Systems Protection Board ("MSPB"). *Id.*

In her first complaint against the Postmaster General, Montgomery alleged discrimination in violation of the Age Discrimination in Employment Act, and retaliation in violation of the Whistleblower Protection Act. *Id.* at 640. The district court dismissed that complaint and the Seventh Circuit affirmed, observing that Montgomery should have brought her Whistleblower Protection Act claim before the MSPB, and thus "that claim was not properly before the district court." *Id.* at 640–41. As for her age discrimination claim, the Court of Appeals noted that Montgomery's allegations concerned not her termination, but the written warning and suspension she received months before her employment ended. *Id.* at 641. That written warning was not an adverse employment action, the Seventh Circuit held, and any discrimination claim regarding the suspension should have been brought before the MSPB. *Id.* at 641–42. The court concluded by warning that "Montgomery now has challenged in several forums the Postal Service's actions leading to her dismissal. We caution her that our decision in this appeal closes the book on the matter." *Id.* at 642.

Montgomery opened the book again, however. In her second complaint, also against the Postmaster General, she repeated her Whistleblower Protection Act claim, and added claims of failure to stop harassment, national origin discrimination, and retaliation with respect to her termination. (Compl., *Montgomery v. Brennan*, No. 15 C 4635 (N.D. Ill. Sep. 21, 2015) ([1] in No. 15 C 4635)). The district court dismissed the complaint, holding that Montgomery "exhausted all available avenues for relief from her termination" and refusing to disturb the MSPB's decision, which the Federal Circuit had by then upheld. *Montgomery v. Brennan*, No. 15 C 4635, slip op. at 3 (N.D. Ill. Sep. 21, 2015) (Zagel, J.). The Seventh Circuit summarily affirmed, holding that

> Montgomery's suit was properly dismissed because (1) the district court lacked jurisdiction over her claim under the Whistleblower Protection Act, (2) Montgomery failed to administratively exhaust her employment-discrimination

2

claims, and (3) even if Montgomery had administratively exhausted her employment-discrimination claims, those claims are barred by claim preclusion.

*Montgomery v. Brennan*, No. 15-3567 (7th Cir. Jan. 26, 2016) ([32] in Case No. 15 C 4635).

Montgomery has also filed three other related complaints before this one: one against the Seventh Circuit judges who heard the appeal of her first complaint (*Montgomery v. Wood*, No. 15 C 6604 (N.D. Ill. Aug. 27, 2015) (Bucklo, J.) ([6] in No. 15 C 6604), *dismissal summarily aff'd*, No. 15-3098 (7th Cir. Mar. 4, 2016) ([17] in No. 15 C 6604)), one against the administrative judge who conducted her MSPB hearing (*Montgomery v. Manrose*, No. 15 C 11083 (N.D. Ill. Dec. 15, 2015) (Gottschall, J.) ([5] in No. 15 C 11083), *dismissal summarily aff'd*, No. 16-1041 (7th Cir. Jul. 13, 2016) ([19] in No. 15 C 11083)), and one against her representative at the MSPB hearing (Compl., *Montgomery v. Nat'l Ass'n of Postal Supervisors*, No. 15 C 10840 (N.D. Ill. filed Dec. 2, 2015) ([1] in No. 15 C 10840)). In the complaint before this court, however, she reverts to form, naming the Postmaster General as the defendant. (Compl. [1].) This complaint retreads Montgomery's allegations of Whistleblower Protection Act violations, retaliation, and failure to stop harassment, and adds several purported tort claims: "character demoralization," "emotion[al] distress," "character assassination," slander, and defamation.[1] For the reasons explained here, the complaint is dismissed.

## **DISCUSSION**

The claims that Montgomery has alleged previously—violations of the Whistleblower Protection Act, retaliation, and failure to stop harassment—are barred by *res judicata*. "*Res judicata*, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an

---

[1] In other filings, Montgomery refers, as well, to violations of "constitutional, due process rights, [and the right to] equal protection of the law[s]," and alleges that events leading up to her termination violated the Postal Service "financial handbook." (Pl.'s Reply to Def.'s Mem. [25] at 1.) The Postal Service's alleged failure to comply with its own "financial handbook" does not establish a federal claim, however, and even if it did, it would be barred for the same reason the court dismisses her remaining claims and these unidentified constitutional claims: they could have been presented in earlier litigation.

identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal citation and quotation marks omitted). As in Montgomery's first two complaints, the defendant here is the Postmaster General. Montgomery's first two complaints also resulted in final judgments on the merits. Finally, these purported wrongs—violations of the Whistleblower Protection Act, retaliation, and failure to stop harassment—were raised in Montgomery's earlier complaints. These claims are clearly barred by *res judicata*.

Montgomery's tort claims are similarly precluded. The doctrine of *res judicata* bars not only claims that were litigated previously, but also those that could have been litigated in a prior action. *Id.* Thus, despite the fact that Montgomery did not allege tort claims earlier, these claims are precluded because they have identity with those raised in her earlier two complaints. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338–39 (7th Cir. 1995) (quoting *Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin., Inc.*, 31 F.3d 445, 447 (7th Cir. 1994)). Two different legal claims have identity "if they are based on the same, or nearly the same, factual allegations." *Id.* at 339. If the factual predicate is the same, legal claims can have identity even if they present different theories of recovery. *See Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 838–40 (7th Cir. 2015) (finding identity of causes of action when the first suit alleged retaliation for complaining about race discrimination and the second suit added a claim for age discrimination).

In *Brzostowski*, the plaintiff sued his employer, alleging that the employer violated his employment contract and denied due process in his discharge; the court eventually dismissed the case with prejudice. *Brzostowski*, 49 F.3d at 338. When plaintiff filed a second suit against the employer, this time alleging age discrimination, the Seventh Circuit upheld the district court's dismissal on *res judicata* grounds, because the age discrimination claim could have been raised earlier, and finding that the plaintiff's "firing . . . constitutes the nucleus of factual allegations

4

giving rise to both suits, because the resolution of both complaints revolves around the issue of whether [the employer] complied with its legal obligations—arising from either a contract or a federal statute—when it discharged [the plaintiff]." *Id.* at 339.

Montgomery's purported tort claims arise from the same factual predicate supporting her earlier Whistleblower Protection Act and retaliation claims. Though the court is uncertain whether the alleged character demoralization and assassination, emotional distress, slander, and defamation resulted from Montgomery's termination, or from her written warning and suspension, that distinction is ultimately irrelevant: Montgomery has already brought suits challenging the warning she received, her suspension, and her ultimate termination. If Defendant's conduct in those matters is tortious at all, tort claims based upon these events could have and should have been brought earlier, as well. As in *Brzostowski*, Montgomery's tort claims arise out of the same transactions and occurrences that gave rise to her earlier claims, even though they have different elements and different theories of recovery. *See Brown v. Chrysler Fin. Servs.*, 218 F. App'x 536, 538–39 (7th Cir. 2007) (finding that first suit, alleging violations of the Fair Credit Reporting Act, emotional distress, and race discrimination against the defendant for repossessing the plaintiff's car, precluded second suit adding tort claims of slander and libel, because "all of [the plaintiff's] current claims arise from the manner in which [the defendant] handled his check and repossessed his car[,]" as in the first suit).

Defendant urges that Montgomery's tort claims must be dismissed for other reasons, as well. The court need not address these arguments at length, but notes that they appear to have merit. First, Defendant argues that the Civil Service Reform Act ("CSRA"), which provides a remedial scheme for federal employees' employment-related tort claims, is an exclusive scheme that bars relief in other forums. *See* Civil Service Reform Act, Pub. L. No. 95–454, 92 Stat. 1111 (codified as amended in several sections throughout Title 5 of the United States Code); *see also Simic v. United States*, No. 94 C 2576, 1995 WL 678509, at *4 (N.D. Ill. Nov. 9, 1995) (listing "an abundance of other courts of appeals" [albeit not yet including the Seventh Circuit]

that have held that the CSRA preempts tort claims); *cf. Ayrault v. Pena*, 60 F.3d 346, 348 (7th Cir. 1995) (the CSRA "supersed[es] preexisting remedies for all federal employees") (internal citations and quotation marks omitted). Second, the Federal Tort Claims Act (FTCA) provides Montgomery's exclusive remedy for her tort claims, *see* 28 U.S.C. § 2679(b)(1), at least for those tort claims that are actionable at all. *See* 28 U.S.C. § 2680(h) (listing slander as an exception to the FTCA's waiver of sovereign immunity). With respect to those tort claims that are actionable, Montgomery has presented no indication that she followed proper FTCA procedure and first presented those claims to the appropriate agency. *See* 28 U.S.C. § 2675(a).

Montgomery's tort claims are thus precluded for multiple reasons. Her other claims were or could have been presented in earlier complaints and are barred by *res judicata.* The court reminds Ms. Montgomery that litigation challenging the Postal Service's decisions with respect to her employment is at an end.

## **CONCLUSION**

Defendant's motion to dismiss [20] is granted and Plaintiff's complaint is dismissed with prejudice. Plaintiff's motions for relief [27] and to submit documents [28] are stricken as moot.

ENTER:

Dated: March 8, 2017

_____
REBECCA R. PALLMEYER
United States District Judge